```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                          :
DIANE DELLEGRIPPO, et al.,                :   CIVIL ACTION NO. 06-4020 (MLC)
                                          :
        Plaintiffs,                       :   ORDER & ORDER TO SHOW CAUSE
                                          :
        v.                                :
                                          :
MET LIFE, et al.,                         :
                                          :
        Defendants.                       :
                                          :
```

**THE PLAINTIFFS** bringing an action in 2003 in New Jersey state court to recover damages for medical malpractice, and naming Shore Perinatal Associates P.C. ("SPA") and Charles Hux only ("Malpractice Action") (Compl., at ¶ 1); and St. Paul Fire & Marine Insurance Company ("SFMI") insuring SPA and Hux (id. at ¶¶ 5-8); and it appearing that the Malpractice Action remains pending (id., Cert. of Counsel; Ans., Cert. of Other Actions, at ¶ 2); and the plaintiffs then bringing this separate action in 2006 in New Jersey state court against SFMI for a judgment declaring the coverage available for the Malpractice Action ("Declaratory Judgment Action") (Compl., at ¶¶ 8-11); and the plaintiffs also naming SPA and Hux as defendants in the Declaratory Judgment Action "as they are directly interested parties" (id. at ¶ 10);[1] and SFMI (1) removing the Declaratory Judgment Action to this Court based on jurisdiction under 28

---

[1] The plaintiffs also named Met Life in the Declaratory Judgment Action. However, the complaint insofar as asserted against Met Life has been dismissed. (Dkt. entry no. 9.)

U.S.C. § ("Section") 1332 (Rmv. Not., at ¶¶ 4, 12, 16-18), and (2) bearing the burden of demonstrating jurisdiction, see 28 U.S.C. § 1446(a); and the Court being authorized to examine jurisdiction and remand the action sua sponte, see 28 U.S.C. § 1447(c); and

**IT APPEARING** that SFMI is a Minnesota citizen (Rmv. Not., at ¶ 6); but it appearing that SPA and Hux — both defendants here — and the plaintiffs are New Jersey citizens (Rmv. Not., at ¶¶ 8-9); and SFMI alleging that SPA and Hux:

> have interests similar to those of the plaintiffs in this action, i.e., maximizing the limits of coverage available to [SPA] and Hux for the underlying [Malpractice Action brought] by plaintiffs. Accordingly, defendants [SPA] and Hux should be realigned as party-plaintiffs in this case for purposes of determining diversity of citizenship

(id. at ¶ 11); but it appearing that SPA and Hux are necessary defendants in the Declaratory Judgment Action, as a judgment declaring the insurance coverage available from SFMI to cover either a judgment entered against SPA and Hux, or a settlement agreement, will affect their interests, see N.J.S.A. § 2A:16-56 (stating when declaratory relief sought, all persons having or claiming interest that would be affected by declaration "shall be made parties to the proceeding"); and it appearing further that the plaintiffs properly named SPA and Hux as defendants to protect themselves, see N.J.S.A. § 2A:16-57 (stating declaratory judgment will not prejudice rights of non-party to proceeding);

and thus it appearing that the plaintiffs in the Declaratory Judgment Action are not "citizens of [a] different State[]" in relation to each defendant, i.e., SPA and Hux, 28 U.S.C. § 1332(a)(1);[2] and

**THE COURT** being concerned further that either (1) SFMI is — or will be — named as a third-party defendant, or in some other capacity, in the Malpractice Action, or (2) a determination as to any claims arising in the Declaratory Judgment Action will necessarily affect — and thus interfere with — the Malpractice Action; and it appearing that if either is the case, then the Court must abstain from exercising jurisdiction, see Wilton v. Seven Falls Co., 515 U.S. 277, 280-90 (1995) (upholding Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942); affirming abstention where insurer brought declaratory-judgment action in federal court against insured, and insured brought own action against insurer in state court), Franklin Commons E. P'ship v. Abex Corp., 997 F.Supp. 585, 588-93 (D.N.J. 1998) (abstaining in federal action), see also Nationwide Mut. Ins. Co. v. Lowe, 95 F.Supp.2d 274, 276-77 (E.D. Pa. 2000) (abstaining in federal action even though insurer not named in state action, as deciding

---

[2] A jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004). The plaintiffs, SPA, and Hux were New Jersey citizens when the Declaratory Judgment Action was commenced and, thus, will be considered to be citizens of New Jersey here.

insurance-coverage issue raised in federal court would affect —
and thus interfere with — underlying state-court issue); and

**THE COURT** thus intending to remand the action to state court
unless SFMI (1) demonstrates jurisdiction under Section 1332, (2)
affirms that it is not named in any capacity in the Malpractice
Action or a related state-court action, and (3) shows that a
determination as to the claims in the Declaratory Judgment Action
will not affect the Malpractice Action; and the Court further
advising SFMI that if it is not named in any capacity in the
Malpractice Action or a related state-court action, then it must
affirm under penalty of sanctions that it will notify the Court
electronically within five business days if the situation
changes;[3] and the Court intending to deny without prejudice
SFMI's pending motion, <u>inter alia</u>, to dismiss the complaint
insofar as asserted against it, and with leave to renew at the
appropriate time if the Court does not remand the Declaratory
Judgment Action to state court; and for good cause appearing;[4]

---

[3] SFMI also appears to assert that there is jurisdiction under the Declaratory Judgment Act ("DJA"), Section 2201. (Rmv. Not, at ¶ 18.)  However, the DJA "does not and cannot serve as an independent basis for federal jurisdiction." <u>TIG Ins. Co. v. Reliable Research Co.</u>, 334 F.3d 630, 634 (7th Cir. 2003); <u>see Neel v. Pippy</u>, 247 F.Supp.2d 707, 712 n.2 (W.D. Pa. 2003) (stating same).

[4] It appears that all of the issues presented in this order to show cause would be moot if SPA and Hux brought a third-party claim against SFMI in the Malpractice Action for a judgment declaring the coverage available.

**IT IS THEREFORE** on this     24th     day of January, 2007 **ORDERED** that the motion by the defendant St. Paul Fire & Marine Insurance Company, <u>inter alia</u>, to dismiss the complaint insofar as asserted against it (dkt. entry no. 6) is **DENIED WITHOUT PREJUDICE**, and with leave to renew at the appropriate time; and

**IT IS FURTHER ORDERED** that the parties shall **SHOW CAUSE** why the action should not be remanded to state court (1) for lack of jurisdiction under 28 U.S.C. § 1332, or (2) pursuant to the doctrine of <u>Brillhart</u> abstention; and

**IT IS FURTHER ORDERED** that the parties must file responses with the Court electronically by 5 P.M. on the following dates:[5]

|  |  |
|---|---|
| February 7, 2007 | Response of the defendant St. Paul Fire & Marine Insurance Company |
| February 15, 2007 | Responses of other parties |
| February 23, 2007 | Reply of the defendant St. Paul Fire & Marine Insurance Company; and |

---

[5] The Court will disregard responses that are not filed electronically. <u>See</u> http://pacer.njd.uscourts.gov (under "Electronic Filing Info.").

**IT IS FURTHER ORDERED** that **NO ENLARGEMENTS OF TIME WILL BE GRANTED** to respond, even with the consent of all parties, barring extraordinary circumstances;[6] and

**IT IS FURTHER ORDERED** that this order to show cause will be decided on **MONDAY, FEBRUARY 26, 2007,** or soon thereafter, without oral argument pursuant to Federal Rule of Civil Procedure 78, unless the parties are notified otherwise by the Court.

                                s/ Mary L. Cooper
                                **MARY L. COOPER**
                                United States District Judge

---

[6] Extraordinary circumstances do not include: (1) upcoming legal or religious holidays, (2) the parties or counsel being on vacation when this order to show cause was issued, or upcoming vacation plans, (3) difficulty in registering for electronic filing, (4) difficulty in complying with the electronic filing rules, (5) time to conduct discovery, (6) difficulty with a computer or internet access, or (7) any purported failure to be timely notified of this inquiry or an adversary's response thereto. These dates have been set accordingly. See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 319-20 (3d Cir. 2006) (noting district court, in sua sponte inquiry on jurisdiction, provided party only seven days to respond). The plaintiff, if unable to comply, should consult the Federal Rules of Civil Procedure and Local Civil Rules as to moving for relief from any resulting order, if necessary.