```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| DIANE DELLEGRIPPO, et al., | : | CIVIL ACTION NO. 06-4020 (MLC) |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| MET LIFE, et al., | : |  |
| Defendants. | : |  |

**THE COURT** ordering the parties to show cause why this action should not be remanded to state court (1) for lack of jurisdiction under 28 U.S.C. § ("Section") 1332, or (2) pursuant to the doctrine of <u>Brillhart</u> abstention (dkt. entry no. 10, 1-24-07 Order to Show Cause ("OTSC")); and the plaintiffs bringing an action in 2003 in New Jersey state court to recover damages for medical malpractice, and naming Shore Perinatal Associates P.C. ("SPA") and Charles Hux only ("Malpractice Action") (Compl., at ¶ 1); and St. Paul Fire & Marine Insurance Company ("SFMI") insuring SPA and Hux (<u>id.</u> at ¶¶ 5-8); and it appearing that the Malpractice Action remains pending (<u>id.</u> at 4, Cert. of Counsel; Ans., at 4, Cert. of Other Actions, at ¶ 2); and the plaintiffs then bringing this separate action in 2006 in New Jersey state court against SFMI for a judgment declaring the coverage available for the Malpractice Action ("Declaratory Judgment Action") (Compl., at ¶¶ 8-11); and the plaintiffs also naming SPA and Hux as defendants in the Declaratory Judgment Action "as they are directly interested

parties" (id. at ¶ 10);[1] and SFMI (1) removing the Declaratory Judgment Action to this Court based on jurisdiction under Section 1332 (Rmv. Not., at ¶¶ 4, 12, 16-18), and (2) bearing the burden of demonstrating jurisdiction, see 28 U.S.C. § 1446(a); and the Court being authorized to examine jurisdiction and remand the action sua sponte, see 28 U.S.C. § 1447(c); and

**IT APPEARING** that SFMI is a Minnesota citizen (Rmv. Not., at ¶ 6); but it appearing that SPA and Hux — both defendants here — and the plaintiffs are New Jersey citizens (id. at ¶¶ 5, 8-9); and SFMI alleging that SPA and Hux:

> have interests similar to those of the plaintiffs in this action, i.e., maximizing the limits of coverage available to [SPA] and Hux for the underlying [Malpractice Action brought] by plaintiffs.  Accordingly, defendants [SPA] and Hux should be realigned as party-plaintiffs in this case for purposes of determining diversity of citizenship

(id. at ¶ 11); but it appearing that SPA and Hux are necessary defendants in the Declaratory Judgment Action, as a judgment declaring the insurance coverage available from SFMI to cover either a judgment entered against SPA and Hux, or a settlement agreement, will affect their interests, see N.J.S.A. § 2A:16-56 (stating when declaratory relief sought, all persons having or claiming interest that would be affected by declaration "shall be made parties to the proceeding"); and it appearing further that

---

[1]   The plaintiffs also named Met Life in the Declaratory Judgment Action.  However, the complaint insofar as asserted against Met Life has been dismissed.  (Dkt. entry no. 9.)

the plaintiffs properly named SPA and Hux as defendants to protect themselves, see N.J.S.A. § 2A:16-57 (stating declaratory judgment will not prejudice rights of non-party to proceeding); and thus it appearing that the plaintiffs in the Declaratory Judgment Action are not "citizens of [a] different State[]" in relation to each defendant, i.e., SPA and Hux, 28 U.S.C. § 1332(a)(1);[2] and

**THE COURT** being concerned further that either (1) SFMI is — or will be — named as a third-party defendant, or in some other capacity, in the Malpractice Action, or (2) a determination as to any claims arising in the Declaratory Judgment Action will necessarily affect the Malpractice Action; and it appearing that if either is the case, then the Court must abstain from exercising jurisdiction, see Wilton v. Seven Falls Co., 515 U.S. 277, 280-90 (1995) (upholding Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942), and affirming abstention where insurer brought declaratory-judgment action in federal court against insured, and insured brought own action against insurer in state court), Franklin Commons E. P'ship v. Abex Corp., 997 F.Supp. 585, 588-93 (D.N.J. 1998) (abstaining in federal action); and

---

[2] A jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004). The plaintiffs, SPA, and Hux were New Jersey citizens when the Declaratory Judgment Action was commenced and, thus, will be considered to be citizens of New Jersey here.

**THE COURT** thus advising the parties of the intention to remand the action to state court unless SFMI (1) demonstrated jurisdiction under Section 1332, (2) affirmed that it is not named in any capacity in the Malpractice Action or a related state-court action, and (3) showed that a determination as to the claims in the Declaratory Judgment Action would not affect the Malpractice Action (OTSC, at 4-5);[3] and

**SFMI** arguing in response that — under the "principal purpose" test, which requires "a court [to] first identify the primary issue in controversy and then determine whether there is a real dispute by opposing parties over that issue," Employers Ins. of Wausau v. Crown Cork & Seal Co., 942 F.2d 862, 864 (3d Cir. 1991) — SPA and Hux should be realigned with the plaintiffs, as they all seek to maximize the coverage available in the Malpractice Action (dkt. entry no. 11, SFMI Br., at 2-6; dkt. entry no. 13, SFMI Reply Br., at 3); but it appearing that SFMI's decision to not declare the amount of coverage available does not change the reality that the liability of SPA and Hux to the plaintiffs has yet to be determined, see Schwartz v. Liberty Mut. Ins. Co., No.

---

[3] SFMI also appears to assert that there is jurisdiction under the Declaratory Judgment Act ("DJA"), Section 2201. (Rmv. Not, at ¶ 18.) However, the DJA "does not and cannot serve as an independent basis for federal jurisdiction." TIG Ins. Co. v. Reliable Research Co., 334 F.3d 630, 634 (7th Cir. 2003); see Neel v. Pippy, 247 F.Supp.2d 707, 712 n.2 (W.D. Pa. 2003) (stating same).

4

01-2049, 2001 WL 1622209, at *6 (E.D. Pa. Dec. 18, 2001) (denying motion by defendant insurer to realign another defendant insurer as a plaintiff in action brought to seek coverage from both insurers); and the Court not being inclined to realign SPA and Hux when a real dispute still exists between them and the plaintiffs; and thus it appearing that the Court lacks jurisdiction here under Section 1332; and

**SFMI** stating further that "a determination as to liability and other factual findings in the [M]alpractice [A]ction will have an affect [sic] on the coverage determination in this [D]eclaratory [J]udgment [A]ction" (Def. Br., at 9 n.2), as "there are numerous findings of the [state] trial court" — whether SPA and Hux deviated from the applicable standard of care or caused the alleged injuries — "that could affect the coverage determination in this matter" (id. at 8); and SFMI also arguing that "a stay of proceedings is necessary to properly determine the available limits of coverage in this [D]eclaratory [J]udgment [Action]" (id. at 9); and it appearing that a determination now in the Declaratory Judgment Action would have a hopelessly interfering effect upon the Malpractice Action, see Nationwide Mut. Ins. Co. v. Lowe, 95 F.Supp.2d 274, 276-77 (E.D. Pa. 2000) (abstaining in federal action even though insurer not named in state action, as deciding insurance-coverage issue raised in federal court would affect —

5

and thus interfere with — underlying state-court issue); and thus it appearing that Brillhart abstention applies here; and

**THE COURT** intending to (1) grant the order to show cause, (2) remand the action, and (3) designate the action as closed; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                              s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge